**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **Case No. 25-43559** |
| **D WOOD HOTEL, LLC,** | § | |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**MOTION TO DISMISS**

**14-DAY NEGATIVE NOTICE – LBR 1017(b)**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief.**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading *WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE* shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE BRENDA T. RHOADES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Northwest Bank ("Northwest" or "Movant") moves to dismiss D Wood Hotel's ("DWH") Chapter 11 case for cause because of the lack of corporate authority to file the case in the first instance. In support thereof, Movant states as follows:

## I. JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

## II. OVERVIEW

2. The Debtor, DWH, operates a hotel in Salt Lake City, Utah under the name "Super 8 by Wyndham Woods Cross/Salt Lake City North." This bankruptcy case was commenced by filing a voluntary petition (the "Petition") signed by Larry Williams as "Corporate Representative." ECF 1.

3. This case should be dismissed because Mr. Williams has no authority to file a bankruptcy proceeding on behalf of DWH. As an initial matter, the records of the Utah Department of Commerce list Jagmohan Dhillon and Amandeep Dhillon as the sole members of DWH. As Mr. Williams is apparently neither a member nor manager of DWH, he had no authority to sign the Petition. Further, as of November 21, 2025, the receiver appointed by the Utah State Court (as defined below) has sole authority to commence a bankruptcy case on behalf of DWH.

## III. FACTUAL AND PROCEDURAL BACKGROUND

1. DWH is a Utah limited liability company that operates a hotel in Salt Lake City, Utah. DWH's Certificate of Organization, filed with the Utah Department of Commerce, identifies Amandeep and Jagmahon Dhillon (together, the "Dhillons") as its members and/or managers. A true and correct copy of DWH's Certificate of Organization is attached hereto as **Exhibit A** and incorporated herein for all purposes.

2. DWH's operating agreement (the "Operating Agreement") identifies Jagmohan Dhillon as DWH's managing member. A true and correct copy of the Operating Agreement is attached hereto as **Exhibit B** and incorporated herein for all purposes.

3. Northwest is an Idaho banking corporation that conducts business in Utah. Northwest is DWH's mortgage lender and holds a first priority security interest on DWH's hotel property and substantially all of DWH's assets.

4. On or about April 4, 2023, Northwest and DWH entered into a Business Loan Agreement relating to a loan from Northwest to DWH (the "Loan"), which agreement was subsequently amended on August 28, 2024 (the "Loan Agreement").

5. In connection with the Loan Agreement, DWH executed a Promissory Note in the original principal amount of $6,025,000 (the "Note"), and the Dhillons each personally guaranteed the Loan, Loan Agreement, and Note (the "Guarantees").

6. The obligations owing under the Loan, Loan Agreement, and Note were secured by a Deed of Trust, executed by DWH for the benefit of Northwest, encumbering the Utah hotel property, and a Commercial Security Agreement, which granted Northwest a first-priority security interest in all of DWH's personal property (together with the real property, the "Collateral").

7. On May 12, 2025, following DWH's default, Northwest commenced a judicial foreclosure lawsuit against DWH, styled *Northwest Bank v. D Wood Hotel, LLC et al.*, Case No. 250700578, in the Second Judicial District Court of Davis County, Utah (the "Utah State Court"). Northwest's Complaint (and the loan documents attached to the Complaint) are attached hereto as **Exhibit C** and incorporated herein for all purposes.

8. On November 21, 2025, after DWH failed to turn over to Northwest rents and other proceeds that Northwest was entitled to collect under the loan documents, the Utah State Court entered the Revised Order Granting Motion for Appointment of a Receiver and Order Appointing John H. Curtis of Rocky Mountain Advisory, LLC, as Receiver (the "Receivership Order," and Mr. Curtis, the "Receiver"). The Receivership Order is attached hereto as **Exhibit D** and incorporated herein for all purposes.

9. The Receivership Order vested the Receiver with the power "to act as executive, president, and/or manager under the operating agreement, articles, bylaws, or similar governing

documents of DWH," and to "have and take possession, custody, and control, either physically or constructively, as determined by the Receiver *in his sole and absolute discretion*, of the Collateral . . . ." Ex. D, 12 (emphasis added).

10. The Receivership Order further vested the Receiver with the power to exercise "all the rights and powers of . . . a member-manager of a limited liability company under Utah law . . . ." *Id.* at 16.

11. Most importantly, the Receivership Order explicitly provided the Receiver with the **sole authority** to file a Chapter 11 bankruptcy:

> To the extent he deems it necessary and appropriate in his business judgment to do so, filing a voluntary petition for relief for DWH under Chapter 11 of Title 11 of the United States Code, and *only the Receiver shall have authority to initiate such a proceeding* for DWH.

*Id.*

12. The Receivership Order also enjoined DWH, its members, managers, agent, employees, attorneys, and any other person acting with DWH from "interfering with the Receiver, the Receivership Estate, or the Collateral without Northwest Bank's express prior written consent and the written consent of the Receiver or further Order of the [Utah State] Court, including, but not limited to . . . taking any actions which would damage or dissipate the assets of the Receivership Estate, including the Collateral . . . or [d]oing any act which will, or which will tend to, impair, defeat, divert, prevent, or prejudice the preservation of the Receivership Estate or the Collateral; the rents, income, profits, or proceeds thereof; or [the Utah State Court's] jurisdiction over the Receivership Estate or the Collateral." *Id.* at 20–21.

13. On October 22, 2025, Larry Williams, as the purported authorized representative of DWH, signed the voluntary petition that commenced this bankruptcy case. ECF 1.

14. The Receiver did not initiate this bankruptcy case and did not authorize the filing of the petition. This bankruptcy case was filed without the requisite authority and must be dismissed.

## IV. ARGUMENTS AND AUTHORITIES

15. A bankruptcy court must dismiss a petition if it finds that the representative who authorized the bankruptcy filing lacked authority to file. *Price v. Gurney*, 324 U.S. 100, 106, 65 S. Ct. 513, 89 L. Ed. 776 (1945). Dismissal is mandatory because the bankruptcy court lacks subject-matter jurisdiction over an unauthorized bankruptcy petition. *Id.*; *In re Delta Starr Broad., L.L.C.*, 422 F. App'x 362, 367–68 (5th Cir. 2011) (citing *Price*, 324 U.S. at 104 & n.1).

16. The Bankruptcy Code does not prescribe who has the authority to file a petition on behalf of an entity debtor. *In re Statepark Bldg., Ltd.*, 316 B.R. 466, 471 (Bankr. N.D. Tex. 2004); *WC 1st & Trinity GP, LLC v. Milligan*, No. 1-20-CV-995-LY, 2021 WL 6750934, at *2 (W.D. Tex. Mar. 18, 2021) (hereinafter *Milligan*). To determine whether a purported representative has authority to file, the Fifth Circuit has directed bankruptcy courts to apply the law of the state of incorporation. *In re Franchise Servs. of N. Am., Inc.*, 891 F.3d 198, 210 (5th Cir. 2018), *as revised* (June 14, 2018).

17. A state court's right to appoint a receiver to file bankruptcy petitions on behalf of an entity debtor is "indisputable." *Milligan*, at *2 (citing *In re Statepark Bldg.*, at 471). "Not only can a state court vest authority to file a bankruptcy petition for an entity debtor in a receiver, but it can also vest that authority *entirely* in the receiver, at the exclusion of the prereceivership management of the entity debtor." *Id.* (emphasis in original).

18. Thus, Utah state law and the Receivership Order govern who has the authority to file bankruptcy on behalf of DWH.

19. Under Utah law, the operating agreement governs the activities and affairs of a limited liability company and the rights and duties of its members and manager. Utah Code Ann. § 48-3a-112. Jagmohan Dhillon is the manager under the Operating Agreement. *See* Ex. B.

20. Even before the Receiver was appointed, it appears that only Jagmohan or Amandeep Dhillon, as the sole members/managers of DWH, would have had authority to sign a bankruptcy petition, unless they had delegated their authority to Mr. Williams in an authorized corporate resolution. There is no such resolution attached as an exhibit to the Petition.

21. In any event, from and after November 22, 2025, only the Receiver had authority to sign the Petition.

22. The Receiver was appointed over DWH pursuant to Utah Code Ann. § 78-B-21-101 et. seq. (the Uniform Commercial Real Estate Receivership Act, or "UCRERA"), Utah Code Ann. § 57-26-107 (the "Assignment of Rents Act"), and Rule 66 of the Utah Rules of Civil Procedure. Ex. D, 8.

23. Under UCRERA, a receiver has authority to "collect, control, manage, conserve, and protect receivership property," and "assert a right, claim, cause of action, or defense of the owner that relates to receivership property." Utah Code Ann. § 78B-21-112(1)(a), (d).

24. UCRERA further provides that "[a]n owner shall preserve and turn over to the receiver all receivership property in the owner's possession, custody or control." *Id.* at § 78B-21-113(1)(b). The Dhillons were therefore required to turn over all control and possession of DWH's assets to the Receiver. *See* Ex. D.

25. Under UCRERA, "an order appointing a receiver operates as stay, applicable to all persons, of an act, action or proceeding to obtain possession of, exercise control over, or enforce

a judgment against receivership property." *Id.* at § 78B-21-114(1)(a). Williams' filing of the Petition, therefore, likely violated the UCRERA stay.

26. Under Rule 66 of the Utah Rules of Civil Procedure, a receiver has, "under the direction of the court, power to bring and defend actions; to seize property; to collect, pay, and compromise debts; to invest funds; to make transfers; and, to take other action as the court may authorize."

27. The Utah State Court not only granted the Receiver the sole authority to file "a voluntary petition for relief for DWH under Chapter 11 of Title 11 of the United States Code," but also vested the Receiver with the power to "act as executive, president, and/or manager under the operating agreement" and exercise "all the rights and powers of . . . a member-manager of a limited liability company under Utah law." Ex. D, at 12, 16.

28. As such, Larry Williams, who signed and caused the Petition to be filed, was without authority to file such a petition for DWH, and this bankruptcy case should be dismissed.

29. This result is well supported by the caselaw. For example, in *Chitex Commc'n, Inc. v. Kramer*, 168 B.R. 587, 589 (S.D. Tex. 1994), the court held that dismissal of a bankruptcy case filed on behalf of a corporation by the corporation's president after a receiver had been appointed was appropriate because the authority to file was vested in the receiver. *Id.* at 589 ("The president of an insolvent corporation had no authority to affect the corporation's property interests once a state court had placed it into receivership."). *See also In re Statepark Bldg.*, 316 B.R. at 471 (stating "[u]nder Texas law, the appointment of a general receiver displaces and supercedes in its entirety the pre-receivership management of an entity"); *Milligan*, at *2 (holding general partner lacked

authority to file where receiver had been appointed "the sole and exclusive right" to file bankruptcy petitions for the limited partnerships).[1]

30. The Fifth Circuit has also held that a state court order appointing a receiver with authority to file bankruptcy vests authority to file with the receiver, so long as the defendant placed in receivership was subject to the jurisdiction of the state court. *Kreit v. Quinn* (*In re Cleveland Imaging & Surgical Hosp., LLC*), 690 F. App'x 283, 286 (5th Cir. 2017).

31. Here, the Utah State Court clearly had jurisdiction over DWH because it is a Utah limited liability company, DWH is located in Davis County, Utah, and its assets are located in Davis County, Utah.

32. Therefore, the sole authority to file a bankruptcy petition (and other corporate control) was vested with the Receiver. The Utah State Court's Receivership Order is valid, and pursuant to the Fifth Circuit's analysis in *Kreit v. Quinn*, is not subject to collateral attack. Accordingly, this bankruptcy case must be dismissed.

## V. CONCLUSION

For the foregoing reasons, Northwest respectfully requests that the Court grant this motion and dismiss DWH's bankruptcy case.

[1] *C.f.*, *In re Kreisers, Inc.,* 112 B.R. 996, 1000 (Bankr. D.S.D. 1990) (upholding bankruptcy proceedings in South Dakota where corporate officers approved proceedings before state receiver was appointed and receiver was not granted exclusive right to file bankruptcy); *In re S & S Liquor Mart, Inc.*, 52 B.R. 226, 227 (Bankr. D.R.I. 1985) (regarding state court receivership order in Rhode Island that did not necessarily grant *exclusive* right to receiver).

Dated: December 22, 2025

Respectfully submitted,

**DUANE MORRIS LLP**

*/s/ James H. Billingsley*
James H. Billingsley, P.C.
State Bar No. 00787084
200 Crescent Court, Suite 900
Dallas, Texas 75201
Telephone: 214.257.7200
Facsimile: 214.257.7201
jbillingsley@duanemorris.com

Ellen Earl Gillis
Texas Bar No. 24138258
300 Throckmorton Street, Suite 1650
Fort Worth, Texas 76102
Telephone: 214.257.7261
Facsimile: 214.257.7201
eearl@duanemorris.com

ATTORNEYS FOR NORTHWEST BANK

**CERTIFICATE OF SERVICE**

I certify that a copy of this motion was served on the attached master mailing list (matrix) contained in the Court's electronic case filing system on December 22, 2025, as required by LBR 1017-1(b) as well as through the Bankruptcy Court's electronic transmission facilities on December 22, 2025, as permitted by Federal Rule of Bankruptcy Procedure 9036.

*/s/ James H. Billingsley*
James H. Billingsley